JOHN D. PARK & SONS CO. v. BRUEN et al.

(Circuit Court, S. D. New York. July 6, 1906.)

EQUITY—PLEADING—ANSWERS TO INTERROGATORIES.

Defendants in a suit in equity cannot be required to answer interrogatories by stating facts necessary to complainant's case, but which are not within their knowledge and which they can only ascertain by a tedious and expensive investigation outside of their own records.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 431, 432.]

In Equity. On exceptions to answer.

Alton B. Parker and Morris & Fay, for complainant.
Robinson, Biddle & Ward, for defendant.

LACOMBE, Circuit Judge. The bill is a printed document, 70 pages in length, containing 22 interrogatories addressed to each of the 19 defendants. The answer consists of 13 typewritten pages, besides the separate answers of the several defendants to the 22 interrogatories. A perusal of the bill and answer leaves the impression that, as an answer, the latter sufficiently joins issue with the averments of the bill; but that impression can be confirmed or dissipated only by a minute and careful analysis of the averments of both pleadings, a task which is made all the more difficult by the extreme verbosity and frequent repetitions which characterize the bill. When it is stated that 137 exceptions are filed to the general answer, and 21 to the answers to the specific interrogatories, it is manifest that the matter should be sent to a master. The time of the court is not to be taken up with work which is largely clerical. It is understood that defendants do not contend that the waiver of an answer under oath excuses them from fully answering the averments of the bill, nor

from answering all proper interrogatories, where oath as to such answers is required. The exceptions are somewhat inartificially drawn; but, since they are to go to a master, who will have the leisure to dig out the various relevant averments of the pleadings, any irregularity in form may be disregarded.

For the guidance of the master it may be noted that the first and second specific interrogatories are altogether too broad. The entire theory of the bill is that the "rebate" system complained of was and is applied indiscriminately to goods of the class referred to (drugs, toilet articles, etc.), whether covered by letters patent, by trade-marks, trade labels, etc., or not. If the complainant deems it material to show that some are patented, some covered by trade-mark, and others not, although the bill does not indicate the necessity of thus classifying them, that is part of its case, to be ascertained and proved by it. The classification is one with which, so far as the bill shows, none of the defendants have ever concerned themselves, and as to which necessarily their information is scanty. Complainant cannot, by propounding these two interrogatories, require the defendants to enter into a tedious and presumably expensive investigation to determine which of the many thousands of articles druggists deal in are covered by existing patents or valid trade-marks. The fifth clause of the answer is all that can be required, in this particular, from the defendants, except that in answering the specific interrogatories each defendant should give such information as he or it may be possessed of. This appears to have been done, so far as a cursory examination of the answers to interrogatories discloses. In view of the admission in the general answer that "complainant is not and never has been a member of the National Wholesale Druggists' Association," it would be a sheer waste of time to inquire into any exceptions to the answers to the third interrogatory.

As to the interrogatories generally the master is cautioned that the bill is directed against individual defendants, and that, while complainant is entitled to probe the conscience of each individual, it is not entitled to require each or any individual defendant to enter upon an exhaustive search in order to discover and marshal evidence which complainant may think material to its side of the controversy.

The cause is referred to Robert C. Beatty, Esq., as special master, to examine into the questions raised by the exceptions, and report, with his opinion thereon, in conformity to the usual practice in this circuit.